UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-483-GCM
(3:01-cr-189-GCM-4)

| | |
|---|---|
| CHAD ERIC SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.    BACKGROUND**

Petitioner was indicted in the underlying criminal case for: Count (1), conspiracy to possess with intent to distribute and distribute cocaine, methamphetamine, and MDMA; Count (5), aiding and abetting kidnapping (18 U.S.C. §§ 1201 and 2); and Count (6), brandishing a firearm in furtherance of a crime of violence, kidnapping, and aiding and abetting (18 U.S.C. §§ 924(c) and 2). (3:01-cr-189, Doc. No. 3). Plaintiff entered a straight-up guilty plea that was accepted by the Court. (Id., Doc. No. 233). The Court sentenced Petitioner to 210 months' imprisonment for Counts (1) and (5), and to 84 months, consecutive, for the § 924(c) violation in Count (6). (Id., Doc. No. 297).

On direct appeal, the Fourth Circuit remanded for further proceedings pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Simpson, 138 Fed. Appx. 520 (4th Cir. 2005). The Court entered an Amended Judgment reducing the total length of imprisonment to

1

265 months, comprised of 181 months for Counts (1) and (5), 84 months consecutive for Count (6), followed by four years of supervised release. (3:01-cr-189, Doc. No. 321). The Fourth Circuit affirmed, United States v. Simpson, 209 Fed. Appx. 279 (4th Cir. 2006), and the United States Supreme Court denied certiorari, Simpson v. United States, 550 U.S. 923 (2007).

Petitioner filed a § 2255 Motion to Vacate that was dismissed and denied, case number 3:08-cv-197. Simpson v. United States, 2008 WL 1001811 (W.D.N.C. May 7, 2008). The Fourth Circuit dismissed Petitioner's appeal. United States v. Simpson, 300 Fed. Appx. 251 (4th Cir. 2008).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 24, 2016, arguing that his conviction and sentence under § 924(c) violates due process under Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1); see (Doc. No. 3-1) (Fourth Circuit's order authorizing Petitioner to file a successive § 2255 petition). These proceedings were stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, 15-4433 and United States v. Simms, 15-4640. (Doc. Nos. 4, 6).

Petitioner has now filed a Supplemental Memorandum, (Doc. No. 7), arguing that his § 924(c) conviction and sentence should be vacated pursuant to Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*) and United States v. Davis, 139 S.Ct. 2319 (June 24, 2019), because kidnapping is not a crime of violence under § 924(c)'s force clause. Petitioner asks that his § 924(c) conviction and sentence be vacated and, if the Government requests resentencing, that an expedited resentenced be conducted under the sentencing package doctrine. Petitioner alternatively asks that the Court to vacate Count (6) and amend the sentences on Counts (1) and (5) to time served.

The Government has now filed a Response, (Doc. No. 10), conceding that the § 924(c)

2

conviction in Count (6) should be vacated. The Government asks the Court to vacate Petitioner's conviction in Count (6) and resentence Petitioner on the remaining counts under the sentencing package doctrine.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C.A. § 924(c)(3).

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. Davis, 139 S.Ct. at 2319. The issue, then, is whether kidnapping is a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019) (categorical approach is used to determine whether the statutory elements of an offense "necessarily require the use, attempted use, or threatened use of physical force" under § 924(c)'s force clause). The Government correctly concedes that it is not. See United States v. Walker, 934 F.3d 375 (4th Cir. 2019) (kidnapping in violation of 18 U.S.C. § 1201(a) is not a crime of violence under § 924(c)'s force clause). Petitioner's conviction in Count (6) will therefore be vacated.

The remaining question is the appropriate remedy. A district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. United States v. Williams, 740 Fed. Appx. 794, 795 (4th Cir. 2018) (citing United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)). A district court is authorized to take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "resentence [the prisoner]," or (4) "correct the [prisoner's] sentence….." 28 U.S.C. § 2255(b) "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." United States v. Hadden, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation marks omitted).

The Fourth Circuit has adopted the sentence package doctrine which embraces a holistic approach when sentencing a defendant convicted of multiple offenses. The Fourth Circuit has acknowledged that "when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the

4

various counts form part of an overall plan," and that if some of the counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan." Cunningham v. Scibana, 259 F.3d 303, 309 (4th Cir. 2001) (quotations omitted). It is within the district court's broad and flexible power to determine the nature and scope of the remedial proceedings. Hadden, 475 F.3d at 669.

In this case, the Court will conduct a resentencing under the sentence package doctrine for Counts (1) and (5).

### IV. CONCLUSION

Petitioner's § 2255 Motion to Vacate is granted, the conviction in Count (6) is vacated, and Petitioner will be resentenced on the remaining counts at the Court's earliest convenience.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**.

2. Petitioner's judgment and sentence for Count (6) is **VACATED**.

3. Petitioner will be resentenced on Counts (1) and (5).

4. The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: October 1, 2019

Graham C. Mullen
United States District Judge